IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

AMELIA AGUILAR, individually and as guardian and next
friend of minor child I.A.; JUAN DELGADO and MARIA
GUTIERREZ, individually and as guardian and next friend
of minor child N.D.G; AND TOSHA QUEVEDO
individually and as guardian and next friend of minor child
L.Q.,

      Plaintiffs,

vs.

JEREMIAH WHITAKER; DANA STANLEY, PRINCIPAL
OF LYDIA RIPPEY ELEMENTARY SCHOOL; KEVIN
SUMMERS, SUPERINTENDENT OF AZTEC
MUNICIPAL SCHOOL DISTRICT; and
BOARD OF EDUCATION OF AZTEC MUNICIPAL
SCHOOL DISTRICT,

      Defendants.

Case No.

---

**PLAINTIFFS' ORIGINAL CIVIL COMPLAINT FOR DAMAGES FOR VIOLATION OF
TITLE IX OF THE EDUCATION AMENDMENTS OF 1972, BATTERY, FALSE
IMPRISONMENT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS,
NEGLIGENT MAINTENANCE AND OPERATION OF A SCHOOL UNDER THE NEW
MEXICO TORT CLAIMS ACT, AND FOR DEPRIVATION OF CIVIL RIGHTS UNDER
THE NEW MEXICO CIVIL RIGHTS ACT**

---

COMES NOW, Plaintiffs Amelia Aguilar, individually and as guardian and next friend of

minor child I.A., Juan Delgado and Maria Gutierrez, individually and as guardian and next friend

of minor child N.D.G, and Tosha Quevedo, individually and as guardian and next friend of minor

child L.Q., through their undersigned counsel, states the following for their Civil Complaint for

Damages:

PARTIES AND JURISDICTION

1. All Plaintiffs are residents of San Juan County, New Mexico.

1

2. Upon information and belief, all individual Defendants are residents of San Juan County, New Mexico.

3. This Court has jurisdiction over this matter pursuant to 28 USC § 1331 because of the Federal Law question presented by 20 USC § 1681 *et seq.*

4. This Complaint and the damages alleged herein arise from events that occurred in San Juan County, New Mexico.

5. Lydia Rippey Elementary School in Aztec, New Mexico is a building that is operated by a local school district within the Aztec Municipal School District of San Juan County, New Mexico.

6. Defendant Board of Education of Aztec Municipal School District is a governmental entity and local public body for purposes of the New Mexico Tort Claims Act.  *See* NMSA 1978 Section 41-4-3(B) & (C).

7. At all times material to this complaint, Defendant Kevin Summers was employed by the Aztec Municipal School District as Superintendent and served as the Chief Executive Officer for the District.  *See* NMSA 1978 Section 22-5-14(A).

8. As the Superintendent of Aztec Municipal School District, Defendant Summers is and was at all times material to this Complaint a public employee for purposes of the waiver of sovereign immunity pursuant to NMSA 1978 Section 41-4-6.

9. Defendant Dana Stanley was the Principal of the Lydia Rippey Elementary School during the 2022-2023 school year.

10. Venue is proper in this Court.

FACTS

11. Defendant Whitaker was hired by the Aztec Municipal School District to teach at Lydia Rippey Elementary School in 2018.

12. Defendant Whitaker taught third grade at Lydia Rippey Elementary School for the 2021-2022 school year and was retained to teach third grade again for the 2022-2023 school year.

13.  I.A., a female student, was assigned to Defendant Whitaker's 2022-2023 third grade class.

14. N.D.G., a female student, was assigned to Defendant Whitaker's 2022-2023 third grade class.

15. L.Q., a female student, was assigned to Defendant Whitaker's 2022-2023 third grade class.

16. From August to December of 2022, Defendant Whitaker engaged in sexual grooming behavior directed at female students I.A., N.D.G., and L.Q.

17. Sexual grooming has been recognized by child abuse professionals as a preparatory process in which a perpetrator gradually gains a person's trust with the intent to be sexually abusive. The victim is usually a child, teen, or vulnerable adult. Common sexual grooming behaviors are often subtle and may not appear inappropriate. *See* U.S. Dep't of Justice, National Sex Offender Public Website, SMART Program.

18. Defendant Whitaker was overly interested in the female students in his class, particularly I.A., N.D.G., and L.Q.

19. Defendant Whitaker frequently initiated and/or created opportunities to be alone with female students in his class, particularly I.A., N.D.G., and L.Q.

20. Defendant Whitaker gave special privileges to female students, particularly I.A., N.D.G., and L.Q., such as allowing them to come behind his desk and/or sit in his chair.

21. Defendant Whitaker gave gifts to I.A., N.D.G., and L.Q., which included large bags of candy and drawings made by Defendant Whitaker.

22. Defendant Whitaker displayed favoritism in his class towards I.A., N.D.G., and L.Q.

23. On Monday December 12, 2022, Defendant Whitaker chose a movie entitled "Storks" to play for his third-grade class.

24. During the movie, Defendant Whitaker directed I.A., N.D.G., and L.Q. to come to his desk while the other students continued to watch the movie.

25. One at a time, Defendant Whitaker took N.D.G., I.A., and L.Q. by the hand.

26. Defendant Whitaker pulled N.D.G's hand to his face and used his tongue to lick N.D.G.'s hand.

27. Defendant Whitaker pulled I.A.'s hand to his face and used his tongue to lick I.A.'s hand.

28. Defendant Whitaker pulled L.Q.'s hand to his face and used his tongue to lick L.Q.'s hand.

29. In disgust, I.A., N.D.G., and L.Q. ran to the bathroom to wash their hands.

30. When I.A., N.D.G., and L.Q. returned to the classroom, Defendant Whitaker instructed them to sit in their chairs and watch the movie.

31. At 9:38 am on December 12, 2022, Defendant Whitaker sent a text in a group chat to the third-grade teaching team which read, "Do any of you have duct tape I could borrow?  I need duct tape."

32. I.A., N.D.G., and L.Q. sat in their chairs and continued to watch the movie.

33. During the movie, Defendant Whitaker snuck up behind N.D.G. with a roll of tape in his hand.  Defendant Whitaker wrapped the tape around N.D.G.'s body and chair.  N.D.G. was not able to free herself.

34. Defendant Whitaker also wrapped tape around I.A.'s body, face, and chair.  I.A. was not able to free herself.

35. Defendant Whitaker also wrapped tape around L.Q.'s body and chair.  L.Q. was not able to free herself.

36. In doing so, Defendant Whitaker unlawfully confined each of the three girls to their chairs against their will.

37. I.A., N.D.G., and L.Q. were not able to release themselves.

38. Defendant Whitaker refused to release the girls and discouraged other students from releasing them.

39. I.A., N.D.G., and L.Q.'s classmates had to utilize scissors in order to cut the girls out of the tape.

40. On December 12, 2022, N.D.G. disclosed Defendant Whitaker's child abuse to her parents, Maria Gutierrez and Juan Delgado.

41. Defendant Whitaker was placed on administrative leave on December 13, 2022.

42. On the morning of December 13, 2022, Juan Delgado took N.D.G. to school and N.D.G. disclosed the child abuse to Defendant Principal Stanley that morning.

43. On the same day, Tosha Quevedo found Defendant Whitaker's class in a different area of the school.  When Tosha Quevedo found her daughter's class, L.Q. told Tosha Quevedo they were in a different area of the school because of what she and her friends had said about Defendant Whitaker.  L.Q. then disclosed Defendant Whitaker's abuse from the previous day to Tosha Quevedo.

44. Tosha Quevedo immediately went to Defendant Principal Stanley's office to inquire about what happened.

45. Defendant Stanley did not disclose to Tosha Quevedo the abuse inflicted on L.Q.

46. Defendant Whitaker sent a text message to Tosha Quevedo admitting that he licked L.Q. and two other children.

47. Defendant Principal Stanley is mandated to report allegations of child abuse to law enforcement and/or the Children, Youth, and Families Department pursuant to NMSA 1978 Section 32A-3-4(A).

48. Defendant Superintendent Summers was mandated to report allegations of child abuse to law enforcement and/or the Children, Youth, and Families Department pursuant to NMSA 1978 Section 32A-3-4(A).

49. Upon learning of the abuse, Defendant Principal Stanley failed to report the allegations of child abuse to law enforcement or the Children, Youth, and Families Department for the State of New Mexico.

50. Upon learning of the abuse, Defendant Superintendent Summers failed to report the allegations of child abuse to law enforcement or the Children, Youth, and Families Department for the State of New Mexico.

51. The failure by school employees to report allegations of child abuse to law enforcement and/or CYFD is a misdemeanor criminal offense itself.  NMSA 1978 Section 32A-3-4(F).

52. Tosha Quevedo reported the abuse to the Aztec Police Department on December 13, 2022.

53. Neither Defendant Principal Stanley nor Defendant Superintendent Summers disclosed the child abuse to I.A.'s parents.

54. I.A.'s mother, Amelia Aguilar first learned of the abuse on December 15, 2022 when Detective Heather Knibbs of the Aztec Police Department contacted her to obtain I.A.'s statement as part of an ongoing criminal investigation.

55. On January 3, 2023, Detective Knibbs contacted Defendant Whitaker by telephone to get his statement as part of the criminal investigation.  Defendant's statements to Detective Knibbs were recorded.

56. Defendant Whitaker admitted that he intentionally grabbed the hands of each of the girls and licked them.

57. Defendant Whitaker admitted that he intentionally taped the children to their chairs as well.

58. On February 13, 2023, Defendant Whitaker was charged by way of Criminal Complaint in the Aztec Municipal Court with three counts of battery for the offenses on I.A., N.D.G., and L.Q.

59. On May 17, 2023, Defendant Whitaker entered a no contest plea in the Aztec Municipal Court to all three counts of battery.

60. Defendant was sentenced on June 21, 2023 to 270 days incarceration with 240 days suspended and fines in the amount of $837.00.

61. Defendant reported to the San Juan County Detention Center on June 23, 2023 where he served 10 days in jail for the batteries on I.A., N.D.G., and L.Q.

62. I.A. has suffered emotional distress as a result of Defendant Whitaker's actions.

63. N.D.G. has suffered emotional distress as a result of Defendant Whitaker's actions.

64. L.Q. has suffered emotional distress as a result of Defendant Whitaker's actions.

65. I.A. no longer feels safe at school.

66. N.D.G. no longer feels safe at school.

67. L.Q. no longer feels safe at school.

68. Defendant Aztec Municipal School District had actual notice of these events on December 13, 2022.

69. Defendant Aztec Municipal School District had actual notice of Defendant Whitaker's previous inappropriate behavior with female students.

70. Defendant Aztec Municipal School District was made aware, at least nine months prior to the assault of I.A., N.D.G., and L.Q., that Defendant Whitaker was engaging in what appeared to be grooming behavior.

71. Approximately nine months before Defendant Whitaker assaulted I.A., N.D.G., and L.Q., on March 4, 2022, the New Mexico Public Education Department received a report that Defendant Whitaker was having inappropriate contact with female students.

72. Other teachers and a social worker informed school administrators at Lydia Rippey Elementary and the Aztec Municipal School District of Whitaker's apparent grooming conduct with female students in 2021 and 2022.

73. Despite the social worker's and teachers' reports and warnings, the Aztec Municipal School District continued to allow Defendant Whitaker to teach third grade at Lydia Rippey Elementary School in 2022 and again for the 2022-2023 school year.

74. After interviewing the concerned teachers in March of 2022, Defendant Summers indicated that he and other agents of the Aztec Municipal School District would investigate the reported incidents.

75. Defendant Summers also reported Defendant Whitaker's misconduct to CYFD and the Aztec Police Department in March of 2022.

76. Defendant Summers learned that Defendant Whitaker "blacked out" his classroom windows such that no one could see inside.

77. Defendant Summers determined that Defendant Whitaker was behaving inappropriately with female students.

78. Defendant Summers allowed Defendant Whitaker to continue teaching third grade at Lydia Rippey Elementary School despite the "ethical misconduct" he reported to the police and child protective services.

79. In March of 2022, Defendant Stanley also investigated Defendant Whitaker for misconduct.

80. In particular, Defendant Stanley had reports that Defendant Whitaker engaged in water fights with students in the classroom and had sprayed a female student with water.

81. Defendant Stanley had additional concerns that Defendant Whitaker allowed students into his classroom, to be alone with him, during lunch and recess.

82. Despite the "red flags," the ethical misconduct, and the reported grooming behavior, Defendant Stanley allowed Defendant Whitaker to continue teaching third grade at Lydia Rippey Elementary School in the 2022 school year and again for the 2022-2023 school year.

83. Defendant Stanley issued a letter of direction to Defendant Whitaker in March of 2022 addressing appropriate professional boundaries and professionalism in the classroom.

84. After the letter of direction was issued, Defendant Stanley continued to receive further complaints from teachers of the school with concerns about Defendant Whitaker's continued inappropriate behavior with students.

85. Despite the repeated complaints, Defendant Stanley continued to allow Defendant Whitaker to teach third grade

86. On December 5, 2022, exactly one week before Defendant Whitaker assaulted I.A., N.D.G., and L.Q., Defendant Whitaker emailed the administration of Aztec Municipal

School District to inquire whether the Family Medical Leave Act covered leave for mental health.

87. When interviewed by the Aztec Municipal School District on December 14, 2022, Defendant Whitaker admitted that he was struggling with depression and had previously notified his supervisor, Defendant Stanley, of his struggles.

88. Defendant Stanley admitted that Defendant Whitaker did previously notify her that he was struggling with mental health and his doctors were working on adjusting his medication.

89. Despite these concerns, along with the repeated reports of inappropriate conduct with female students, the Defendants continued to allow Defendant Whitaker to teach children at the Aztec Municipal School District.

COUNT I: VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972

90. Plaintiffs incorporate all of the preceding paragraphs as if fully stated herein.

91. Count VI of this Complaint arises under federal statute, namely Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. §§ 1681 *et seq.*

92. Title IX provides that "[ n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance[.]" 20 U.S.C. § 168l(a).

93. Title IX prohibits entities that receive federal funding from discriminating on the basis of gender in the provision of educational programs and activities. 20 U.S.C. § 168l(a).

94. For purposes of Title IX's anti-discriminatory mandate, discrimination on the basis of gender can encompass sexual harassment or sexual abuse of students

by teachers. *See Franklin v. Gwinnett Cl)'. Pub. Schs.,* 503 U.S. 60, 75 (1992) (reading Title IX to "[u]nquestionably" place on the school district the duty not to discriminate based on sex, including in the form of a teacher's sexual harassment of a student).

95. The U.S. Supreme Court has construed Title IX as providing an implied private right of action to individuals who are subject to sexual harassment or abuse by educational institutions or programs that receive federal funding. *Cannon v. Univ. of Chicago,* 441 U.S. 677, 709, 717 (1979); *Gwinnett Cty. Pub. Sch.,* 503 U.S. at 76.

96. The Aztec Municipal School District and Lydia Rippey Elementary School receive federal funding and are subject to Title IX's prohibitions on discriminating on the basis of gender in the provision of educational programs and activities.

97. As a federal funding recipient, the Aztec Municipal School District can be liable to students who suffer sexual harassment or abuse by a teacher if:

   a.   an official of the District who has, at a minimum, authority to take corrective action on behalf of the District to end the discriminatory conduct, a so-called "appropriate person", has actual notice of the conduct; and

   b.   fails adequately to respond, i.e., exhibits deliberate indifference in responding to allegations of such conduct. *See Gebser v. Lago Vista lndep. Sch. Dist.,* 524 U.S. 274, 290-91 (1998).

98. Defendant Summers and Defendant Stanley had the authority to take corrective action with respect to Defendant Whitaker's harassing actions towards female students thus, each of

these administrators would be considered an "appropriate person" for purposes of stating a Title IX claim against Defendant Aztec Municipal School District. *See* ¶ 13 (a).

99. Each of these administrators had actual notice on December 13, 2022 that students had reported abuse by Defendant Whitaker which would constitute crimes under New Mexico Law and sexual harassment, for purposes of Title IX.

100.    Each of these administrators also knew or should have known that the allegations about Defendant Whitaker's conduct would represent child abuse that should be reported to law enforcement authorities and/or state social services such as CYFD.

101.    Defendant Superintendent Summers and Defendant Principal Stanley knew of prior reports of inappropriate conduct by Defendant Whitaker with female students.  In light of these facts, the response by Defendant Summers and Defendant Stanley was deliberately indifferent to the risk that Defendant Whitaker posed to female students, as prohibited by Title IX and in violation of state criminal laws.

102.    The risk that Defendant Whitaker would continue to engage in future sexual harassment and grooming of female students at Lydia Rippey was substantial and by consciously disregarding that risk after multiple prior reports of Defendant Whitaker's inappropriate behavior, Defendant Summers and Defendant Stanley caused I.A., N.D.G., and L.Q. to be vulnerable to abuse by Defendant Whitaker.

103.    Defendant Whitaker's abuse of I.A., N.D.G., and L.Q. was sufficiently serious to limit their ability to benefit from educational programs and activities at Lydia Rippey Elementary School and thereby, created a hostile educational environment for I.A., N.D.G., and L.Q.

## COUNT II: COMMON LAW BATTERY

104.     Plaintiffs incorporate all of the preceding paragraphs as if fully stated herein.

105.     On December 12, 2022, Defendant Whitaker intentionally touched I.A. by licking her hand.

106.     Defendant Whitaker was convicted of the criminal offense of battery against I.A. in Aztec Municipal Court, Case No. 20230000483-CR on June 21, 2023.

107.     On December 12, 2022, Defendant Whitaker intentionally touched N.D.G. by licking her hand.

108.     Defendant Whitaker was convicted of the criminal offense of battery against N.D.G. in Aztec Municipal Court, Case No. 20230000483-CR on June 21, 2023.

109.     On December 12, 2022, Defendant Whitaker intentionally touched L.Q. by licking her hand.

110.     Defendant Whitaker was convicted of the criminal offense of battery against L.Q. in Aztec Municipal Court, Case No. 20230000483-CR on June 21, 2023.

111.     Defendant Whitaker's conduct was reckless, willful, wanton, and/or malicious, entitling Plaintiffs to punitive damages.

112.     Defendant Aztec Municipal School District is jointly and severally liable for the acts of its employees under the doctrines of vicarious liability and respondeat superior.

113.     As a direct and proximate result of the actions of Defendant Whitaker, I.A., N.D.G., and L.Q suffered damages.

<u>COUNT III: COMMON LAW FALSE IMPRISONMENT</u>

114.     Plaintiffs incorporate all of the preceding paragraphs as if fully stated herein.

115.     On December 12, 2022, Defendant Whitaker restrained and/or confined I.A. against her will.

116.     Defendant Whitaker knew that he had no authority to restrain or confine I.A.

117.     On December 12, 2022, Defendant Whitaker restrained and/or confined N.D.G. against her will.

118.     Defendant Whitaker knew that he had no authority to restrain or confine N.D.G.

119.     On December 12, 2022, Defendant Whitaker restrained and/or confined L.Q. against her will.

120.     Defendant Whitaker knew that he had no authority to restrain or confine L.Q.

121.     Defendant Whitaker's conduct was reckless, willful, wanton, and/or malicious, entitling Plaintiffs to punitive damages.

122.     Defendant Aztec Municipal School District is jointly and severally liable for the acts of its employees under the doctrines of vicarious liability and respondeat superior.

123.     As a direct and proximate result of the actions of Defendant Whitaker, I.A., N.D.G., and L.Q. suffered damages.

<u>COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

124.     Plaintiffs incorporate all of the preceding paragraphs as if fully stated herein.

125.     The conduct of Defendant Whitaker was extreme and outrageous under the circumstances.

126.     The conduct of Defendant Whitaker went beyond bounds of common decency and is atrocious and intolerable to the ordinary person.

127.     Defendant Whitaker acted intentionally.

128.     As a result of the conduct of Defendant Whitaker, I.A. experienced severe emotional distress of such intensity and duration that no ordinary person should be expected to tolerate.

129.     As a result of the conduct of Defendant Whitaker, N.D.G. experienced severe emotional distress of such intensity and duration that no ordinary person should be expected to tolerate.

130.     As a result of the conduct of Defendant Whitaker, L.Q. experienced severe emotional distress of such intensity and duration that no ordinary person should be expected to tolerate.

131.     Defendant Whitaker's conduct was reckless, willful, wanton, and/or malicious, entitling Plaintiffs to punitive damages.

132.     Defendant Aztec Municipal School District is jointly and severally liable for the acts of its employees under the doctrines of vicarious liability and respondeat superior.

133.     As a direct and proximate result of the actions of Defendant Whitaker, I.A., N.D.G., and L.Q suffered damages.


## COUNT V: NEW MEXICO TORT CLAIMS ACT

134.     Plaintiffs incorporate all of the preceding paragraphs as if fully stated herein.

135.     Count IV of this Complaint arises under the New Mexico Tort Claims Act ("NMTCA"), NMSA 1978 Sections 41-4-1 *et seq.*

136.     Defendant Whitaker, acting in his official capacity as a teacher for the Aztec Municipal School District, used a room in a building owned by Defendant Aztec Municipal School District and operated by the Board of Education and Defendant Superintendent Summers to commit batteries on three children, I.A., N.D.G., and L.Q.  The premises were unreasonably dangerous for the children, and no warning was given by the Defendant Aztec Municipal School District to Plaintiffs of the danger presented by Defendant Whitaker.

137.     The New Mexico Legislature has waived sovereign immunity to monetary suit for

damages arising out of personal injury caused by the negligent acts and omission of public

employees while acting in the scope of their duties in the operation or maintenance of, inter

alia, any building, which includes a school.  *See* NMSA 1978 Section 41-4-6; *See also*

*Encinas v. Whitener Law Firm, P.A.*, 310 P.3d 611, 618-19 (D.N.M. 2013) (indicating that

the operative principles that justify holding business proprietors liable in tort apply to

governmental entities in the operation and maintenance of school premises).

138.     Lydia Rippey Elementary School in Aztec, New Mexico is a building that is

operated by a local school district within the Aztec Municipal School District of San Juan

County, New Mexico.

139.     The Board of Education of the Aztec Municipal School District is a governmental

entity and local public body for purposes of the NMTCA.  NMSA 1978 Section 41-4-3(B)

and (C).

140.     As a local public body, the Board of Education of the Aztec Municipal School

District has the following powers and duties:

    a.   Subject to the rules of the State Public Education Department ("NMPED") to

        develop educational policies;

    b.   To employ a Superintendent for the District;

    c.   The capacity to sue and be sued; and

    d.   To provide for the repair of and maintain all property belonging to the District.

*See* NMSA 1978 Sections 22-5-4 (A), (B), (E), and (H).

141.     The Aztec Municipal School Board is further responsible for adopting policies for the coordination and internal tracking of reports of child abuse made pursuant to NMSA Section 32A-3-4.

142.     The Superintendent of Aztec Municipal School District serves as the Chief Executive Officer for the District.  *See* NMSA 1978 Section 22-5-14(A).

143.     The Superintendent has the authority to, inter alia: employ and supervise teachers, and administrative staff such as Principals and Assistant Principals; to implement NMPED and District Policies; and to make final decisions on teaching, student health and safety, and staff disciplinary actions.  *See* NMSA 1978 Sections 22-5-14(A), (B)(1)-(3).

144.     As Superintendent of the Aztec Municipal School District, Defendant Summers had ultimate authority over and the duty to provide for:

    a.  The hiring, discipline, training, and supervision of all District employees, including all teachers and principals at Lydia Rippey Elementary School;

    b.  The policies and procedures for the reporting and tracking allegations of child abuse to the proper authorities;

    c.  The safety of all children at Lydia Rippey Elementary School;

    d.  The maintenance and safe operation of Lydia Rippey Elementary as a District Building.

*See* NMSA 1978 Section 22-5-14(A) ) (powers and duties of the local Superintendent-chief executive officer of the Local School District), (B)(2)&(3) (administer and supervise the District, employ, assign, terminate or discharge all employees) 22-5-4.2 (child abuse report coordination).

145.     Plaintiffs bring this action on behalf of their children to recover for personal injuries I.A., N.D.G., and L.Q. suffered when they were students in Defendant Whitaker's third grade class, which injuries were caused by: the negligence of public employees tasked with operation and maintenance of Lydia Rippey Elementary School who perpetuated a dangerous condition for students.

146.     Defendant Board of Aztec Municipal School District had a duty to operate and maintain the premises of Lydia Rippey Elementary School in a safe condition for students who would be attending public school at Lydia Rippey Elementary School.

147.     This duty included the responsibility for ensuring that students could pursue educational opportunities free of physical harm, battery, false imprisonment, and sexual grooming by teachers.

148.     Defendant Aztec Municipal Schools had a duty to the Plaintiffs to exercise reasonable care in the maintenance and operation of Lydia Rippey Elementary School and the other Aztec public schools, and to keep all of their educational campuses and premises in a safe condition.

149.     Defendant Aztec Municipal Schools further had a duty to supervise its employees in order to ensure that they did not act negligently in the operation or maintenance of their buildings.

150.     Supervision includes the obligation to adopt and inculcate reasonable and proper operational policies and procedures concerning the safe operation of Aztec Schools' educational facilities, including appropriate policies and procedures concerning employee training, adequate monitoring and regulation of their employee's activities, and other such policies and procedures as are reasonably necessary to ensure adequate safety in the

operation and maintenance of Defendant Aztec Municipal Schools' educational facilities (such as Lydia Rippey Elementary School), in order to avoid unsafe, dangerous, or defective conditions on the premises.

151.     Defendant Aztec Municipal Schools, in maintaining and operating its premises in a safe condition, has a duty to supervise its teachers and other employees and to protect its minor students, including Plaintiffs from batteries and abuse from other persons, including Defendant Whitaker.

152.     Defendant Aztec Municipal Schools failed to exercise reasonable care in the maintenance of the premises in a safe condition.

153.     Defendant Aztec Municipal Schools breached its duty of care towards I.A, N.D.G., and L.Q.

154.     Defendant Aztec Municipal Schools failed to exercise reasonable care in the maintenance of the premises in a safe condition because it repeatedly ignored the warning signs and the readily observable (and reported) inappropriate behavior of Defendant Whitaker toward female students.

155.     Defendant Aztec Municipal Schools further breached its duties of care by failing to properly screen, train, monitor, supervise, and discipline employees of Lydia Rippey Elementary School, including Defendant Whitaker.

156.     Defendant Aztec Municipal Schools, acting through its administrators, supervisors, employees, and contractors, had a duty to investigate and act upon any suspicions or reports of improper behavior, battery, abuse, or harassment by Aztec Schools employees or agents against any student attending Defendant Aztec Schools.

157.   To fulfill its duty of ensuring that District students could pursue educational opportunities free of abuse by teachers and staff, Defendant Aztec Municipal Schools had a responsibility to properly oversee and supervise any Superintendent it hired to act as Chief Executive Director for the District and review District policies to protect students from harm in school.

158.   As the Chief Executive Officer for Aztec Municipal School District and as a licensed professional educational administrator and teacher himself, Defendant Summers had a duty to ensure that students would be free of abuse by teachers and staff at District Schools by:

   a.   properly training and supervising teachers, administrators, and staff on District policies and all state and federal laws relating to child abuse and sexual grooming;

   b.   properly training teachers and staff on the need to maintain professional boundaries;

   c.   properly training teachers and staff on the requirements for reporting child abuse;

   d.   developing and implementing District-wide programs and procedures to train teachers, staff and students on awareness of sexual grooming, staff-on-student sexual harassment, and child abuse and on how to be alert to signs of such conduct;

   e.   developing and implementing District-wide programs and procedures for reporting suspected sexual grooming and child abuse of students by teachers or staff; and

   f.   adopting and enforcing reporting procedures to ensure allegations by teachers, staff or students that teachers have abused children are properly referred to law enforcement and/or state social services for investigation in addition to any internal investigation procedures at the School or District level.

159.     Defendant Aztec Municipal School District, Defendant Summers, and Defendant Stanley breached these duties as described herein.

160.     The negligent acts of omissions by Defendant Summers, Defendant Stanley and Defendant Aztec Municipal School District were a direct and proximate cause of damages to I.A., N.D.G., and L.Q., including emotional distress and pain and suffering from Defendant Whitaker's abuse.

161.     It was more generally foreseeable that female students at Lydia Rippey Elementary School would be at risk for abuse and predation by teachers because the District failed to operate Lydia Rippey in accord with the duties listed above.

162.     Defendant Aztec Municipal Schools District had actual notice of the occurrence which gives rise to this lawsuit for purposes of the notice provisions of the NMTCA. NMSA 1978 Section 41-4-16(B).

<u>COUNT VI: NEW MEXICO CIVIL RIGHTS ACT</u>

163.     Plaintiffs incorporate all of the preceding paragraphs as if fully stated herein.

164.     Defendant Aztec Municipal School District, Defendant Summers, Defendant Stanley, and Defendant Whitaker, either directly or through persons acting on behalf of Defendant, under color of or within the course and scope of the authority of Defendant Aztec Municipal School District, subjected I.A., N.D.G, and L.Q., residents of New Mexico, to a deprivation of rights, privileges and immunities secured pursuant to the Bill of Rights of the Constitution of New Mexico.

165.     Article II, Section 4 of the New Mexico Constitution states that "[a]ll persons are born equally free, and have certain natural, inherent and inalienable rights, among which

are the rights of enjoying and defending life and liberty, of acquiring, possessing and protecting property, and of seeking and obtaining safety and happiness."

166.     Article II, Section 18 of the New Mexico Constitution states that "[n]o person shall be deprived of life, liberty or property without due process of law; nor shall any person be denied equal protection of the laws."

167.     Article II, Section 18 of the New Mexico Constitution further states that "[e]quality of rights under law shall not be denied on account of the sex of any person."

168.     Under Article II, Section 18 of the New Mexico Constitution each of the Plaintiffs has a right to restitution as a victim of a crime.

169.     Under Article II, Section 18 and Article II, Section 4 of the New Mexico Constitution, Plaintiffs I.A., N.D.G., and L.Q. had a protected liberty interest.

170.     As a result of Defendants' actions on December 12, 2022, I.A. was deprived of her liberty interest without due process of law.

171.      As a result of Defendants' actions on December 12, 2022, N.D.G. was deprived of her liberty without due process of law.

172.     As a result of Defendants' actions on December 12, 2022, L.Q. was deprived of her liberty without due process of law.

173.     As a result of Defendants' actions on December 12, 2022, I.A. was denied equal protection of the law and of her inherent rights on account of her sex.

174.      As a result of Defendants' actions on December 12, 2022, N.D.G. was denied equal protection of the law and of her inherent rights on account of her sex.

175.     As a result of Defendants' actions on December 12, 2022, L.Q. was denied equal protection of the law and of her inherent rights on account of her sex.

176.     The Defendants deprived Plaintiffs of inherent rights under Section 4 of the Bill of Rights to the New Mexico Constitution, namely the "rights of enjoying and defending life and liberty" and "of seeking and obtaining safety and happiness."

177.     Under New Mexico Civil Rights Act, NMSA 1978, Section 41-4A-3 (2021), Plaintiffs are entitled to an award of compensatory damages, reasonable attorney fees, and the costs of this action.

<u>RELIEF REQUESTED</u>

178.     Plaintiffs incorporate all of the preceding paragraphs as if fully stated herein.

179.     I.A., N.D.G., and L.Q. were harmed by the wrongful acts and omissions of Defendants as set forth above. Each of the children have suffered emotional distress and will likely suffer such distress for the foreseeable future, if not, the rest of their lives, as a result of the criminal actions on the part of Defendant Whitaker, which were and are the acts of the other Defendants under the doctrines of vicarious liability and respondeat superior.

180.     Plaintiffs seek all damages recoverable under common law, the New Mexico Tort Claims Act, the New Mexico Civil Rights Act, and Title IX, including reasonable attorney's fees and the costs of this action.

181.     Plaintiffs also seek punitive damages, for the wanton, willful, reckless, and malicious conduct of the Defendants.

WHEREFORE Plaintiffs pray for judgment against Defendants as follows:

A.  Award Plaintiffs compensatory damages;

B.  Award Plaintiffs punitive damages;

C. Award Plaintiffs the costs and expenses of this action;

E. Award Plaintiffs reasonable attorneys' fees;

F. Award pre-judgment and post-judgment interest; and

G. Grant such further relief as the Court deems proper.

RESPECTFULLY SUBMITTED,

*/s/ Shellie A. Patscheck*
SHELLIE A. PATSCHECK, ESQ.
Patscheck Law, PC
1690 N. Butler Ave.
Farmington, NM 87401
(505) 325-9898
Email: sap@505legal.com

*/s/ Thomas M. Clark*
THOMAS M. CLARK, ESQ.
Clark, Jones, & Ruyle, LLC
432 Galisteo St.
Santa Fe, NM 87501
(505) 820-1825
Email: tmclark@cjplawsf.com

*/s/ Doug Perrin*
DOUG PERRIN, ESQ.
The Perrin Law Firm
432 Galisteo St.
Santa Fe, NM 87501
(505) 820-1825
Email: dougperrin@perrinlaw.org

Attorneys for Plaintiffs