## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

AMELIA AGUILAR, individually and as guardian and
next friend of minor child I.A.; JUAN DELGADO and
MARIA GUTIERREZ, individually and as guardian
and next friend of minor child N.D.G.; and TOSHA
QUEVEDO individually and as guardian and next
friend of minor child L.Q.,

       Plaintiffs,

vs.                                                              No. 1:23-cv-00819-DHU-SCY

JEREMIAH WHITAKER; DANA STANLEY,
Principal of Lydia Rippey Elementary
School; KEVIN SUMMERS, Superintendent
of Aztec Municipal School District; and
BOARD OF EDUCATION OF AZTEC MUNICIPAL
SCHOOL DISTRICT,

       Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the following three motions: (i) Plaintiffs' Motion to
Dismiss all Claims against Jeremiah Whitaker and Jeremiah Whitaker only without Prejudice as
to Counts II, III, and IV and with Prejudice as to Counts I, V, and VI, Doc. 28, (ii) Defendant
Jeremiah Whitaker's Motion to Dismiss Complaint as Against Him for Failure to State a Claim
upon Which Relief Can Be Granted, Doc. 20, and (iii) Plaintiffs' Motion for Leave to File First
Amended Complaint, Doc. 35.

### I. BACKGROUND

Plaintiffs are minor children and their guardians. They allege that a former elementary
school teacher, Defendant Whitaker, sexually groomed students and that Defendants Stanley,
Summers, and the Board of Education of Aztec Municipal School District ("the School

Defendants") failed to take corrective action. Plaintiffs filed a six-count complaint against Whitaker and/or the School Defendants under Title IX of the Education Amendments Act of 1972 ("Title IX"), 20 U.S.C. § 1681 *et seq.* (Count I); New Mexico's common-law of battery, false imprisonment, and intentional infliction of emotional distress ("IIED") (Counts II, III, and IV, respectively); the New Mexico Tort Claims Act ("NMTCA"), N.M. Stat. Ann. § 41–4–1 *et seq.* (Count V); and the New Mexico Civil Rights Act § 41–4A–1 *et seq.* (Count VII). *See* Doc. 1.

In November 2023, Whitaker moved to dismiss the entire complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] In response, Plaintiffs did two things, with the end goal of dismissing Whitaker from this action.[2] First, they moved to dismiss all claims against Whitaker under Federal Rule of Civil Procedure 41(a). In their Rule 41(a) motion they seek dismissal *with* prejudice of Counts I, V, and VI and dismissal *without* prejudice of Counts II, III, and IV.  Whitaker agrees that the claims should be dismissed, but he argues for dismissal of all counts *with* prejudice, so he technically opposes the Rule 41(a) motion. Second, given Whitaker's opposition, Plaintiffs then moved to file an amended complaint "dismiss[ing] claims against Whitaker altogether and Counts II, III, and IV against the remaining [School Defendants]." Doc. 35 at 1.

As noted, Whitaker opposes the Rule 41(a) motion. He further opposes Plaintiff's motion to amend the complaint for the same reason he opposes the Rule 41(a) motion: "the proposed Amended Complaint would have the effect of eliminating Whitaker as a party in the present case but leave him exposed to future litigation in another case," Whitaker claims. Doc. 38, 2-3.

---

[1] Whitaker and the School Defendants are represented by separate counsel.

[2] At a status conference Plaintiffs' counsel represented that Whitaker's attendance at a settlement conference would be unnecessary because "Whitaker will be out of the case one way or another". Doc. 53.

As for the School Defendants, they "do not oppose Plaintiff filing the [amended complaint] at this time." Doc. 47, 2.

## II. DISCUSSION

The motions now before the Court are Plaintiffs' Rule 41(a) motion and their motion to amend their complaint, and Whitaker's motion to dismiss. As explained in more detail below, the Court (1) grants Plaintiffs' Rule 41(a) motion, (2) grants Plaintiffs' motion for leave to file an amended complaint, and (3) denies as moot Defendant Whitaker's Rule 12(b)(6) motion.

### A.    Plaintiffs' Rule 41(a) Motion to Dismiss Counts against Defendant Whitaker is Granted.

Federal Rule of Civil Procedure 41 governs voluntary dismissals.[3] "Typically, when a defendant has not filed an answer or moved for summary judgment, Rule 41(a)(1) permits a plaintiff to dismiss an action without a court order simply by filing a notice of dismissal." *Mitchell v. Roberts*, 43 F.4th 1074, 1082–83 (10th Cir. 2022) (quoting Fed. R. Civ. P. 41(a)(1)(A)(i)). If a defendant has filed an answer or motion for summary judgment, then "Rule 41(a) provides two ways for a plaintiff to dismiss a case voluntarily…." *Morris v. City of Hobart*, 39 F.3d 1105, 1109 (10th Cir. 1994). "The first method requires the filing of a stipulation of dismissal signed by all parties who have appeared in the action." *Id*. "The second method of dismissal under Rule 41(a) allows the court to dismiss the case at the plaintiff's instance, upon such terms and conditions as the court deems proper." *Id*. "Ordinarily, a dismissal under Rule 41(a)(2) will be without prejudice." *Mitchell*, 43 F.4th at 1083. Granting a Rule 41 motion to dismiss is within the court's discretion. *See Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005).

---

[3] In their two-page motion, Plaintiffs did not identify what rule governed their motion, nor did provide any legal analysis or explanation for their request. However, in their reply brief they referred to Rule 41(a). *See* Doc. 44. The Court will therefore analyze Plaintiffs' request under Rule 41(a).

Here, by the time Plaintiffs filed their motion to dismiss Whitaker, answers had already been served, so Plaintiffs' right to dismiss by filing a notice had expired. Nor did the parties file a signed stipulation. Therefore, Plaintiffs' right to dismiss by notice or stipulation is not inapplicable. Rule 41(a)(2) thus requires that Plaintiffs obtain a court order to dismiss the claims against Whitaker. *See* Fed. R. Civ. P. 41(a)(2); *GF Gaming Corp. v. City of Black Hawk, Colo.*, 405 F.3d 876, 888 (10th Cir. 2005).

Turning to the Rule 41(a)(2) analysis, the Tenth Circuit has instructed that "[a] district court should normally grant dismissal without prejudice, absent 'legal prejudice' to the defendant." *Mitchell*, 43 F.4th at 1083. "Proper considerations in the legal-prejudice inquiry include" the following non-exhaustive, non-dispositive factors: "'the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation.'" *Baca v. Berry*, 806 F.3d 1262, 1270 (10th Cir. 2015) (quoting *Brown,* 413 F.3d at 1124). Essentially, a plaintiff may voluntarily dismiss its action "so long as the defendant is not hurt[.]" *U.S. ex rel Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 810 (10th Cir. 2002).

Here, the parties did not cite or refer to the legal-prejudice inquiry factors described above. Because those factors are only guidelines, *see Baca*, 806 F.3d at 1270, the Court will not address them given the lack of argument from the parties. Instead, the Court focuses on Whitaker's only argument for dismissing the claims with prejudice—that Plaintiffs will refile the claims in a different forum. This argument is unpersuasive. First, the Court notes that Plaintiffs represent that "there are no such plans" but they also maintain that they "do … wish to reserve their right to sue

Mr. Whitaker, should it ever be possible." Doc. 44, 1.[4] More importantly though, "[p]rejudice does not arise simply because a second action has been or may be filed against the defendant[.]" *Brown*, 413 F.3d at 1124. Therefore, the prospect of a second lawsuit is insufficient to establish legal prejudice and the Court grants Plaintiffs' motion to dismiss Counts II, III, and IV without prejudice. *See Mitchell*, 43 F.4th at 1083 ("Ordinarily, a dismissal under Rule 41(a)(2) will be without prejudice.")

### B.    Plaintiffs' Motion for Leave to File an Amended Complaint is Granted.

As noted earlier, Plaintiffs moved to file an amended complaint that "dismisses claims against Whitaker altogether and Counts II, III, and IV against the remaining [School Defendants]." Doc. 35 at 1. The School Defendants "do not oppose Plaintiff filing the [amended complaint] at this time." Doc. 47, 2. However, Whitaker does oppose the amendment. He seems to argue that the motion is brought in bad faith, therefore necessitating the Court's analysis.

Federal Rule of Civil Procedure 15(a)(2) provides for liberal amendment of pleadings, instructing courts to "freely give leave" to amend "when justice so requires." "The grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Minter vs. Prime Equipment Co.*, 451 F.3d. 1196, 1204 (10th Cir. 2006). Subsection 15(a)(2) provides that after a party has amended a pleading once as a matter of course or the time for amendments of that type has expired, a party may amend only by obtaining leave of court or if the adverse party consents. Leave should be "freely give[n] … when justice so requires," but leave need not be granted on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory

---

[4] To be clear, the Court is not making a finding about whether Plaintiffs will bring another lawsuit. The Court is merely repeating the Plaintiffs' statements made in their filings.

motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

Defendant Whitaker seems to oppose the motion on grounds of bad faith. He believes that keeping the claims against him in one lawsuit would force Plaintiffs to take inconsistent positions and therefore they are attempting to break this lawsuit up into different courts. As he explains, "[i]n the present suit, in order to have any chance of prevailing on their claims against the Aztec Municipal Schools, it would appear Plaintiffs must allege that Whitaker at relevant times was acting within the scope of his duty—but that very allegation renders him immune from liability under the TCA." Doc. 38 at 5. "Yet," according to Whitaker, if Plaintiffs file the amendment, then they will "bring suit against Whitaker individually in a different venue, where they can falsely allege that he was ***not*** acting within the scope of his duty (forcing him to prove the opposite), and thus allege that he lacks the protections provided by the TCA and other applicable law." *Id*. (emphasis in original).

The Court is not persuaded. While Whitaker believes that Plaintiffs will sue him in a different venue, this argument is far too speculative to support a conclusion of bad faith. Because the Court has granted Plaintiffs' Rule 41(a) motion dismissing Whitaker from the case, it would make sense to allow Plaintiff to file an amended complaint that removes Whitaker from the case, and therefore Plaintiffs' request to amend the complaint is granted.

However, before filing their amended complaint on the record, Plaintiffs will ensure that the amended complaint conforms to the Court's rulings. For instance, in their proposed amended complaint, they occasionally refer to Whitaker as "Defendant Whitaker," even though they no longer list him as a party in the "Parties" section of their proposed amended complaint. *See* Doc.

35 ¶¶ 24, 32. Therefore, the Court will direct Plaintiffs to carefully review their proposed amended complaint to ensure that it conforms to the Court's rulings before filing it on the record.

In summary, Plaintiffs' motion for leave to file a first amended complaint is granted.

**C.    Defendant Whitaker's Motion to Dismiss the Complaint is Denied as Moot.**

Finally, the Court denies as moot Defendant Whitaker's Rule 12(b)(6) motion to dismiss Plaintiffs' complaint because his motion is directed at Plaintiffs' complaint, which will be superseded in light of Plaintiffs forthcoming first amended complaint. *See Mink v. Suthers,* 482 F.3d 1244, 1254 (10th Cir. 2007). "Thus, the Court therefore denies as moot the motion to dismiss because '[i]t is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot.'" *Dillard Store Servs., Inc. v. Winrock Partners LLC*, No. 1:22-CV-921-DHU-JFR, 2023 WL 9509935, at *1 (D.N.M. Dec. 21, 2023) (quoting *Sentry Ins. A Mut. Co. v. Pichardo,* No. 1:20-CV-00497-JCH-CG, 2021 WL 4034092, at 5* (D.N.M. Sept. 3, 2021)). Defendant Whitaker's Rule 12(b)(6) motion to dismiss is denied as moot.

**CONCLUSION**

**IT IS THEREFORE ORDERED** that:

- Plaintiffs' Motion to Dismiss all Claims against Jeremiah Whitaker and Jeremiah Whitaker only without Prejudice as to Counts II, III, and IV and with Prejudice as to Counts I, V, and VI **(Doc. 28)** is **GRANTED**;

- Plaintiffs' Motion for Leave to File First Amended Complaint **(Doc. 35)** is **GRANTED**. Plaintiffs shall file their proposed First Amended Complaint on the docket with **fourteen (14) days** of entry of this Memorandum Opinion and Order.

Before filing the proposed First Amended Complaint, Plaintiffs will ensure that it conforms to the Court's rulings;

- Defendant Jeremiah Whitaker's Motion to Dismiss Complaint as Against Him for Failure to State a Claim upon Which Relief Can Be Granted **(Doc. 20)** is **DENIED as MOOT**.

**IT IS SO ORDERED**.

_____
HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE